**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2011

Lyle W. Cayce
Clerk

No. 10-11072
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS MOTTON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CR-16-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

On appeal from his convictions for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g), Marcus Motton challenges the district court's denial of his pretrial motion to suppress the firearms discovered in his vehicle at the time of his arrest. The parties conceded at the suppression hearing that the search was invalid following *Arizona v. Gant*, 556 U.S. 332 (2009), and Motton argues that the district court erred in determining that the search was a valid inventory search. The Government counters that the search of Motton's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-11072

vehicle was done incident to his arrest, that the officers acted in good-faith reliance on pre-*Gant* caselaw, and that the search must therefore be upheld under the good-faith exception to the exclusionary rule. Motton makes no argument regarding the good-faith exception.

We review the district court's factual findings for clear error and its legal conclusions de novo. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Gomez*, 623 F.3d 265, 268 (5th Cir. 2010). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Gomez*, 623 F.3d at 268 (internal quotation marks and citation omitted). The evidence and inferences therefrom are reviewed in the light most favorable to the Government as the prevailing party. *Id.*

Viewing the evidence in the light most favorable to the Government, the record demonstrates that the officers searched Motton's vehicle incident to his lawful arrest, relying in good faith on then-binding caselaw holding such searches to be valid. Although that caselaw has since been overturned by *Gant*, the good-faith exception to the exclusionary rule applies to preclude suppression. *See Davis v. United States*, 131 S. Ct. 2419, 2428-29 (2011); *United States v. Curtis*, 635 F.3d 704, 713-14 (5th Cir.), *cert. denied,* ___ S. Ct. ___, 2011 WL 4532104 (Oct. 3, 2011).

Alternatively, and assuming arguendo that the search in this case was not done incident to arrest but was an inventory search in the first instance, the inventory search was valid. *See United States v. Prescott*, 599 F.2d 103, 105 (5th Cir. 1979) (recognizing inventory searches of automobiles as an exception to the Fourth Amendment's warrant requirement). Motton contends that the inventory search was unlawful because impoundment of his vehicle was unnecessary, urging that his car could have been left locked on the side of the road until a family member arrived to pick it up. Motton additionally contends that the record is devoid of evidence that standard inventory police procedures were in place or were followed in this case.

No. 10-11072

Motton has not demonstrated any clear error in connection with the district court's finding that the officers reasonably concluded that his car should be impounded and acted pursuant to department policy in conducting an inventory of the vehicle prior to having it towed. *See Gomez*, 623 F.3d at 268. The undisputed testimony established that Officer Kendrick called for a tow truck to impound Motton's vehicle because it was blocking traffic on a busy highway and could not be released to Motton's passenger as he had a suspended driver's license. It similarly demonstrated that Officer Kendrick performed the inventory pursuant to established departmental policy without any suspicion of criminal activity. *See Florida v. Wells*, 495 U.S. 1, 4-5 (1990); *United States v. Andrews*, 22 F.3d 1328, 1334-35 (5th Cir. 1994). Although no written impoundment policy was admitted, the officers' testimony about the existence of such policy was sufficient. *See Andrews,* 22 F.3d at 1334-35. Moreover, Motton's conclusional assertion notwithstanding, there is no contrary evidence to suggest that Officer Kendrick did not follow appropriate procedures for impounding Motton's vehicle. *See United States v. Bullock*, 71 F.3d 171, 178 (5th Cir. 1995).

The district court properly denied Motton's suppression motion. Accordingly, its judgment is AFFIRMED.